**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

```
_____
                               :
KEVIN HUGHES,                  :
                               :          Civil Action
             Plaintiff,        :          07-4554 (RMB)
                               :
        v.                     :          OPINION AND ORDER
                               :
KAREN BALICKI, et al.,         :
                               :
             Defendants.       :
_____:
```

This matter comes before the Court upon the motion of the Defendants, Karen Balicki, Amadou Jalloh, and Mark Romano, to dismiss the Complaint in lieu of an answer pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Kevin Hughes, an inmate currently in the custody of the New Jersey Department of Corrections, incarcerated at South Woods State Prison in Bridgeton, New Jersey, has not filed any opposition.

As an initial matter, the Court notes that on October 1, 2007, this Court issued an Order allowing the case to proceed. In its Order, the Court indicated that it had screened the Complaint to determine whether or not dismissal was warranted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Defendants' within motion to dismiss followed.

In support of their motion to dismiss, Defendants make two arguments. First, Defendants argue that Plaintiff's claim for

damages must be dismissed because he has not alleged any physical injury.  Second, Defendants claim that Plaintiff's Complaint must be dismissed because he has failed to assert any personal involvement in the alleged violation of his rights.

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in fact)."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)(internal citations omitted).  Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (internal citations omitted).

A district court must accept any and all reasonable inferences derived from those facts.  Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991); Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990).  Further, the court must view all allegations in the

complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.  Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint matter, are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

The Court rejects each of the arguments made by the Defendants.  In determining the sufficiency of this Complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Here, the Plaintiff is alleging that the Defendants were

deliberately indifferent to his serious medical needs.  A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

Deliberate indifference exists "where [a] prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Furthermore, deliberately delaying necessary medical diagnosis to avoid providing care constitutes deliberate indifference that is actionable.  See Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993). Deliberate indifference is also evident where officials erect arbitrary and burdensome procedures that result in interminable delays and denials of medical care to suffering inmates.  See Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987), cert. denied 486 U.S. 1006 (1998).

Here, Plaintiff is alleging a serious medical need.  He claims that he is on dialysis in view of his kidney failure and, thus, his need for a special diet presents a serious medical

4

need. An official may be found deliberately indifferent to an inmate's medical needs where he "knows of and disregards an excessive risk to [his] health or safety." Natale v. Camden County Correctional Facility, 318 F.3d 582 (3d Cir. 2003). "Where prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate to undue suffering or the threat of tangible residual injury, deliberate indifference is manifest." Lanzaro, 834 F.2d at 347. For instance, valid claims of deliberate indifference to inmates' medical needs was found in a case where an inmate was in need of--but denied--liquid diet. See Hayes v. Cent. Reception Assignment Facility, 2007 U.S. Dist. LEXIS 63701 (D.N.J. Aug. 29, 2007).

Here, contrary to the Defendants' argument, the Court, liberally construing the Complaint, finds that the Plaintiff has sufficiently alleged that he is being exposed to undue suffering or the threat of tangible residual injury as a result of the Defendants' deliberate indifference, that is, their failure to provide him with a special diet to address his medical condition.

With respect to Plaintiff's claims against the Warden, Karen Balicki, and her Administrator, Amadou Jalloh, as well as the food services supervisor, Mark Romano, the Court finds that the Plaintiff has sufficiently alleged personal involvement. Although it is well-settled that supervisors are not liable under

5

§ 1983 solely on a theory of <u>respondeat</u> <u>superior</u>, personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).  Here, again, liberally construing Plaintiff's Complaint, Plaintiff alleges that he notified each of the Defendants of his dietary needs, but they refused to either take action or instruct that action be taken.

Accordingly, for the foregoing reasons,

IT IS ON THIS **18th** day of **July** 2008, **Ordered** that the Defendants' motion to dismiss be and is hereby **DENIED**.

<u>s/Renée Marie Bumb</u><br>
**Renée Marie Bumb**<br>
**United States District Judge**